UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DONALD RAY | CASE NO.  6:24-CV-01032 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WALMART LOUISIANA L L C | MAGISTRATE JUDGE DAVID J. AYO |

**MEMORANDUM RULING**

Before this Court is a PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT filed by Plaintiff Donald Ray seeking to amend his Complaint to add his spouse, Crystal Ray ("Mrs. Ray"), as a party plaintiff and to add a claim for loss of consortium by Mrs. Ray against defendant Walmart Louisiana, LLC.  (Rec. Doc. 22). Walmart opposes the motion. (Rec. Doc. 24).   For the following reasons, the instant motion is GRANTED.

**Factual Background**

Plaintiff filed suit against Walmart in the 16th Judicial District Court, St. Mary Parish, Louisiana, on March 5, 2024 asserting claims for injury arising from a March 12, 2023 slip-and-fall accident in a Walmart store located in Morgan City, Louisiana.  (Rec. Doc. 1-3 at ¶¶ II, IV, V).  Walmart timely removed this suit pursuant to 28 U.S.C. §§ 1332 and 1441.  (Rec. Doc. 1).  Walmart answered Plaintiff's suit prior to removal.  (Rec. Doc. 10-10). Pursuant to this Court's Order of December 3, 2024, the parties filed a joint Rule 26(f) Report on January 6, 2025 and a telephone scheduling conference was held on January 13, 2025. (Rec. Docs. 13, 15).  Thereafter, a jury trial was set before the presiding judge on February 23, 2026.  (Rec. Docs. 16, 17).

Plaintiff filed the instant motion on May 7, 2025. (Rec. Doc. 22). Noting Walmart's opposition to Plaintiff's proposed amendment, this motion was noticed for briefing. (Rec. Doc. 23). All briefs are now filed, and the matter is ripe for consideration.

## Applicable Standards

The amendment of pleadings in federal district court is governed by Rule 15 of the Federal Rules of Civil Procedure. As a baseline, Rule 15(a) divides amendments into those which may be filed "as a matter of course," or without leave of court and those which may only be filed with the written consent of the opposing party or with leave of court. Fed. R. Civ. P. 15(a)(1), (2). Where an amendment is not filed within 21 days of service of the pleading, or, where the pleading is one to which a responsive pleading is required, within 21 days of service of a responsive pleading, such amendment falls into the class requiring the written consent of the opposing party or leave of court. *Id.* Where leave to amend is sought after the expiration of the deadline for joinder of parties and amendment of pleadings set forth in the court's scheduling order, such amendment is governed instead by Rule 16, which permits the modification of the court's scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Under Rule 15(a)(2), leave to amend after the expiration of a litigant's right to amend as a matter of course should be freely given "when justice so requires." Although denial of leave to amend is reviewed at the appellate level for abuse of discretion, a court's discretion is "not broad enough to permit denial" of leave to amend without a "substantial reason." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). Courts reviewing requests for leave to amend under Rule 15(a)(2) consider factors "such as undue delay, bad faith or dilatory motive..., repeated failure to cure deficiencies, [and] futility of amendment."

2

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (internal citations omitted).

Rule 15(c) governs the relation back of amendments to pleadings. Section (c)(1) permits the amendment to the pleading to relate back to the date of filing of the original pleading "when the law that provides the applicable statute of limitations allows relation back." Relevant here, Louisiana law permits relation back "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." LA. CODE CIV. PROC. ANN. art. 1153. Interpreting this rule, Louisiana courts apply relation back where:

> (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.

*Warren v. La. Med. Mut. Ins. Co.*, 21 So. 3d 186, 189 (La. 2008) (quoting *Giroir v. South La. Med. Ctr., Div. of Hospitals*, 475 So. 2d 1040, 1044 (La. 1985).

## Analysis

Plaintiff seeks leave to amend his complaint to add a claim for loss of consortium by his spouse arising from the March 12, 2023 slip-and-fall accident from which the claims asserted in the original petition also arise. (Rec. Doc. 22). Plaintiff's motion to amend was filed on May 7, 2025, more than a year after the filing of the original state court petition and approximately eleven months after Walmart filed its Answer. (*See*, Rec. Doc. 10-10). Pursuant to the Court's Scheduling Order (Rec. Doc. 17), the deadline for the joinder of parties and amendment of pleadings expired on July 9, 2025. (*Id.*). Accordingly, Plaintiff's motion for leave is clearly governed by Rule 15(a)(2) as one requiring the written consent of

3

the opposing party or leave of court. Walmart does not consent to Plaintiff's proposed amendment, such that leave of court is Plaintiff's only avenue to amendment.

Plaintiff submits excerpts of Mrs. Ray's deposition, taken on March 19, 2025, in which the following exchange takes place:

| | |
|---|---|
| Mr. Swift: | Can you describe the way in which you have been damaged as a result of this accident? |
| Mrs. Ray: | What do you mean? |
| Mr. Swift: | Well, in your lawsuit you said that you have – let's see. You are a party – wait. No, you're not. She's not a party to the case. |
| Mr. Schlosman: | She's gonna be. |
| Mr. Swift: | Oh, okay. Well, then, -- |
| Mr. Schlosman: | So just go ahead and ask her now. |
| Mr. Swift: | Yeah. |

(Rec. Doc. 22-3 at 2:19 – 3:9). Based on this excerpt, Plaintiff asserts that Walmart essentially assumed that Mrs. Ray was a named plaintiff in this suit and, upon discovering she was not yet named, was immediately advised that she would be named and would assert a loss of consortium claim. (Rec. Doc. 22-1 at pp. 3–4). For this reason, Plaintiff argues that Walmart is not prejudiced by the proposed amendment and, in fact, has already deposed Mrs. Ray regarding her proposed loss of consortium claim. (*Id.*).

Walmart opposes Plaintiff's proposed amendment, alleging prejudice based on the prescription of Mrs. Ray's claim and Plaintiff's undue delay in amending. Citing *Efthemes v. Amguard Insurance Co.*, in which the Western District, speaking through Judge James D. Cain, Jr. was presented with this precise issue. 2020 WL 4043227 (W.D. La. 7/18/2020). In *Efthemes*, the plaintiff sought leave of court to amend to add a loss of consortium claim more than a year after the filing of the original petition. Applying the *Giroir* factors, the Court found that defendants had no notice of the existence of the loss of consortium claim until the limitations period had run and the original petition did not contain any allegations from

4

which defendants might have known of the potential claim. *Id.* at * 3. The Court noted that Louisiana courts have nevertheless permitted amendment back of these claims where defendants had some indicia of the claim, even when no direct notice was shown in the record. *Id.* After finding that the notice factor was unmet under the facts of the case, Judge Cain added that, "a defendant is not required 'to remain alert indefinitely to the possibility that a plaintiff might have a spouse or children, or both, who might at some future date bring a claim[,]" providing additional support for its dismissal of the purported spousal loss of consortium claim. *Id.* at *4 (quoting *Phillips v. Palumbo*, 648 So. 2d 40, 42 (La. App. 4 Cir. 1994) (internal citations omitted)).

Applying the *Giroir* factors to the instant matter, the undersigned finds that:

(1) Mrs. Ray's loss of consortium claim is alleged to arise from the slip-and-fall accident upon which Plaintiff's suit against Walmart is based. (*See*, Rec. Doc. 22-3 at 3:11–4:16). Accordingly, the first factor weighs in favor of relation back of this claim.

(2) Walmart's questioning of Mrs. Ray at her deposition on March 19, 2025 demonstrates that it not only was aware of the existence of her claim in this suit, but that it assumed she was already a party plaintiff. (*See*, *Id.* at 2:17–24). Although this Court does not find that direct notice of the claim was conveyed within the original petition, Walmart had notice of the existence of the claim at issue before March 19, 2025. Moreover, when the issue of Mrs. Ray's status as a party arose during the deposition, Plaintiff's counsel did not "hide the ball" and affirmed that an amendment was planned. (*Id.* at 3:1–3). For this reason, the second factor weighs in favor of relation back of Mrs. Ray's loss of consortium claim.

(3) As explained above, Ms. Ray is Plaintiff's current spouse. As such, these parties are related such that Mrs. Ray is not "'suddenly appear[ing] after the injured party has

5

        participated in months or years of discovery.'" *Efthemes*, *supra* at *3 (quoting *Herrin v. E. Baton Rouge Sheriff's Office*, 2015 WL 4898489 at *6 (M.D. La. Aug. 17, 2015)). The third factor also weighs in favor of relation back of the claim at issue.

(4)    Having known of Mrs. Ray's claim and conducting discovery on that claim, Walmart's argument that it is prejudiced by the proposed amendment is unconvincing. To the extent that Walmart claims prejudice based on the idea that, were relation back not applicable to this claim, it would ostensibly be prescribed under Louisiana law, this Court does not view this consequence as the sort of prejudice to which the fourth factor is addressed. Instead, this factor clearly considers whether a defendant's ability to defend against the claim is negatively impacted by the delay between the original petition and the proposed amendment. *Nobre on behalf of K.M.C. v. La. Dep't of Public Safety*, 935 F.3d 437 (5th Cir. 2019) (no prejudice where no impact on defendant's access to relevant proof) (citing *Giroir*, *supra*, at 1045)). The undersigned also finds Walmart's reliance on language in *Efthemes* regarding prejudice to defendants who are forced to "remain on alert" for claims by family members who were previously unknown to them to be inapplicable in this case. *Efthemes*, *supra* at * 4 (quoting *Phillips v. Palumbo*). Walmart's counsel's questioning of Mrs. Ray during her deposition demonstrates that the existence of this claimant and the nature of her claim were known to this defendant and clearly affirmed by Plaintiff's counsel when raised.

Considering this Court's finding that all four *Giroir* factors weigh in favor of relation back of the loss of consortium claim, the undersigned further finds that such claim relates back to the filing of Plaintiff's original petition pursuant to Rule 15(c) of the Federal Rules of Civil Procedure and LA. CODE CIV. PROC. ANN. art. 1153.

## Conclusion

For the reasons discussed herein, PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT (Rec. Doc. 22) is GRANTED.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 22nd day of July, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**